

Writer's E-mail Address:
chant@chant.mobi

May 23, 2017

**VIA ECF**

Hon. Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY  10007


Re:  Joan Pasini v. Godiva Chocolatier, Inc., No. 1:17-cv-01812-VEC

Dear Hon. Judge Caproni:

I write in opposition to Defendant's counsel's unauthorized May 23, 2017 letter to the Court whereby Defendant seeks to alter the rules of this District's Mediation Program.  Dkt. No. 14.

As this Court is aware, before the April 21, 2017 Initial Pretrial Conference in this case, the parties participated in and made several attempts at settlement discussions through telephonic conferences.  Unfortunately, those various telephonic conferences did not prove to be productive.

After those unsuccessful telephonic conferences, and as a result of the fact that they were not successful, counsel for the parties participated in the Court-ordered April 21, 2017 Initial Pretrial Conference.  As part of the parties' joint letter and attached Civil Case Management Plan and Scheduling Order filed in advance of the April 21 Initial Pretrial Conference hearing (Dkt. Nos. 8 and 8-1, filed April 14, 2017) both parties agreed to "immediate referral to the District's Mediation Program."  In these documents, Defendant did not attempt to qualify or request that the District's Mediation Program be altered in any way.

1010 N. Central Ave., Glendale, CA 91202  ●  Phone: 877.574.7100  ●  Fax: 877.574.9411

Hon. Valerie E. Caproni
May 23, 2017
Page 2

Likewise, during the April 21, 2017 Initial Pretrial Conference hearing, the parties again agreed to and mutually requested the immediate referral to the District's Mediation Program. Once again, Defendant did not attempt to qualify or request that the District's Mediation Program be altered in any way.

At the parties mutual request, on April 21, 2017 the Court issued an Order directing the parties to the District's Mediation Program.  (See Dkt. No. 12: "ORDER: Pursuant to the Court's April 21, 2017 conference, it is hereby ORDERED that: This case is referred for mediation to the Court-annexed Mediation Program. The parties are hereby notified that Local Rule 83.9 shall govern the mediation and are directed to participate in the mediation in good faith. The parties are directed to notify the Court no later than one week after the conclusion of all mediation in this case.").

The Court-ordered mediation process is required to be in-person.  Plaintiff also believes that that's a sensible approach particularly in a case like this where settlement discussions by telephone have already failed.

As Defendant and its counsel know, the dynamics and personal interaction of an in-person mediation session can provide a certain impetus, momentum and commitment that is different from phone discussions (indeed, the phone discussions here have already failed).

Excerpts from the Court's Procedures of the Mediation Program concerning the attendance requirement at mediation and reasons therefore are explained as follows:

> 6. Attendance at Mediation Sessions
> a. Each party must attend mediation. This requirement is critical to the effectiveness of the mediation process as it enables parties to articulate their positions and interests, to hear firsthand the positions and interests of the other parties, and to participate in discussions with the mediator both in joint session and individually.
> b. A party other than a natural person (e.g., a corporation or an association) satisfies this attendance requirement if represented by a decision maker who has full settlement authority and who is knowledgeable about the facts of the case. "Full settlement authority" means the authority to agree to the opposing side's settlement offer, if convinced to do so at the mediation.
> c. Each represented party must be accompanied at mediation by the lawyer who will be primarily responsible for handling the trial of the matter.
> d. A fully authorized representative of the client's insurance company must attend where the decision to settle and/or the amount of settlement must be approved by the insurance company.[1]

---

[1] http://www.nysd.uscourts.gov/docs/mediation/Mediation%20Program%20Procedures.12.9.13.pdf (last accessed May 23, 2017).

Hon. Valerie E. Caproni
May 23, 2017
Page 3

Defendant is now apparently unhappy with its prior agreement and request to mediate and now wants to back out of its consent and attempts to qualify or request that the District's Mediation Program be altered specially for Defendant.

Defendant is a large corporation that does extensive business in New York. Indeed, the violation at issue in this case occurred at one of Defendant's retail stores in New York.

Having reaped the benefits of New York (which it continues to do), Defendant cannot complain about being required to account for its violations in New York. Moreover, it had the prior ability to dissent to mediation or its requirements but did not do so. It consented to and voluntarily requested to participate in the Court's mediation program, the Court issued an order directing the parties to mediation, a Court appointed mediator was appointed, the Court-appointed Mediator issued an in-person mediation session requiring mediation at the federal Courthouse where this case is pending (and advised Defendant's counsel that's what mediation and the Court's procedures require). Now, Defendant unilaterally writes a letter to the Court seeking to alter course.

Plaintiff also does not take kindly to Defendant's and its counsel's repeated and unwarranted barbs and accusations against Plaintiff's counsel.

FACTA was enacted over 13 years ago. Yet, nearly a decade after it was enacted, and for several years, Defendant violated FACTA. During the years it violated FACTA, it violated the FACTA rights of Plaintiff and hundreds of thousands of other customers.

Plaintiff seeks statutory damages, punitive damages, costs and attorney fees, all of which are expressly made available by statute, 15 U.S.C. § 1681n.

The Ninth Circuit and the U.S. Supreme Court have held, "A 'willful' violation under the FCRA [15 U.S.C. § 1681n] includes 'not only knowing violations of a standard, but reckless ones as well.'" *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 711 at n.1 (9th Cir. 2010); *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 57 (2007).

Settlement is a two-way street. Plaintiff's counsel has probably settled more FACTA cases than any other FACTA attorney in the country. See, for example, stipulation of settlement in individual opt-out case of *Catapano v. Zara USA, Inc.,* 1:15-cv-06275-FB-PK (E.D.N.Y.) (Dkt. Nos. 14 and 15). If Plaintiff's counsel were unreasonable, counsel would not have such a record of success. Plaintiff's counsel strongly objects to and resents Defendant's repeated and disparaging use of the word "extortionate" and any insinuations Defendant is attempting to make thereby. Plaintiff and Plaintiff's counsel have been abundantly reasonable but settlement requires the cooperation of both sides.

Unfortunately, Defendant and Defendant's counsel have been extremely unreasonable. The potential benefits of an in-person mediation (a process that Defendant and its counsel voluntarily requested and agreed to) are particularly important in this case. Telephonic attempts

Hon. Valerie E. Caproni
May 23, 2017
Page 4

have failed.  Hopefully, a face-to-face interaction with the parties, their counsel and the Court-appointed Mediator will be productive.

Finally, there is no fee application presently before the Court.  If this case settles, there may never be one.  Until and unless this case gets to the juncture of a fee application, Defendant's self-serving remarks to this Court about a fee application are not ripe.  Defendant has the gall to try to back out of the mediation process it voluntarily requested and agreed upon and attempts to have this Court now rewrite the rules of mediation to bar Plaintiff's counsel, Chant Yedalian, from recovering fees if Plaintiff's counsel participates in-person in a Court-ordered mediation.  This is absurd.  Rule 6.c. of the Court's Procedures of the Mediation Program expressly requires that: **"Each represented party must be accompanied at mediation by the lawyer who will be primarily responsible for handling the trial of the matter."**

Defendant also remarks that fees must be "reasonable."  This comment doesn't break new ground.  Like, other statutory fee-shifting provisions, there is a fee-shifting provision in this case which provides a prevailing plaintiff with "reasonable attorney's fees."  15 U.S.C. § 1681n.  When Congress provides for fee shifting statutes, including those involving consumer protection, it does so "[i]n order to encourage private enforcement of the law." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Further, Defendant has repeatedly mounted an assault on attorneys' fees relative to statutory and punitive amounts at issue in this case.  Defendant misleads the Court about the parties' discussions.  Plaintiff's counsel has been abundantly reasonable.  Moreover, and in any event, Defendant's arguments have absolutely no support in the law:

> "The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery." *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 169 (2nd Cir. 2011).

> "By enacting a fee-shifting provision for FMLA claims, Congress has already made the policy determination that FMLA claims serve an important public purpose disproportionate to their cash value.  We cannot second-guess this legislative policy decision." *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 167 (2nd Cir. 2011).

Defendant also complains that Plaintiff's lead counsel, Chant Yedalian, appeared at the April 21, 2017 Initial Pretrial Conference.  The April 21, 2017 Initial Pretrial Conference was set by the Court and an in-person appearance was required by the Court.  Dkt. No. 5.

The Court's Individual Practices In Civil Cases expressly states as follows:

> "**Court Appearances**. All court appearances must be **in person**.  Telephonic appearances will only be permitted in exigent circumstances.  Traveling from out

of state is not an exigent circumstance. Court's Individual Practices In Civil Cases at Part 2.C. (December 28, 2016) (emphasis in original).[2]

Defendant is a large corporation that does extensive business in New York, the violation at issue in this case occurred at one of Defendant's retail stores in New York, this case is pending in New York, Defendant voluntarily consented to the Court-ordered mediation process (without qualification), the Court ordered mediation, a Court-ordered Mediator was appointed, the Court-appointed Mediator scheduled an in-person mediation session at the New York federal Courthouse (and advised Defendant's counsel that that's what the mediation and the Court's procedures require).

If Defendant did not want a mediation to begin with, it should have said so at the appropriate time, not after extracting the Court's, Plaintiff's and Plaintiff's counsel consent only to try to thereafter alter the rules.

Sincerely,

Chant Yedalian

cc: All Counsel of Record (via ECF and/or email)

---

[2] Available at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1343 (last accessed May 23, 2017).